## THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER H. SHORT v. THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK.

*New York Fire Department — Removal of employees.*

In this proceeding to review the action of the respondent, in transferring the relator from duty as Chief of Battalion to duty as a Foreman in the Fire Department of the City of New York, it appeared that in July, 1886, the defendant passed a resolution assuming to remove one McCabe from the office of Second Assistant Chief of Department.  Proceeding on the assumption that the removal of McCabe was lawful the defendant promoted one Reilly from the office of Chief of Battalion to that of Second Assistant Chief of Department, the office formerly held by McCabe, and filled the position of Chief of Battalion, made vacant by the promo-

PEOPLE ex rel. SHORT v. BD. OF FIRE COMRS. 529

First Department, March Term, 1888.

tion of Reilly by promoting thereto one Short, the relator. The action of the defendant in removing McCabe was subsequently adjudged by the court to be illegal, whereupon the defendant transferred the relator back from the position of Chief of Battalion to that of Foreman, which he had previously held.

*Held*, that such retransfer was in no sense a removal within the meaning of section 440 of chapter 410 of 1882, and was merely a proper direction that he resume the duties of an office out of which the board of fire commissioners mistakenly and unsuccessfully had endeavored to promote him.

Certiorari to review the action of the respondent in transferring the relator from duty as Chief of Battalion to duty as Foreman in the Fire Department of the City of New York.

*McCall & Arnold*, for the relator.

*William L. Findley*, for the board of fire commissioners.

Bartlett, J. :

On July 21, 1886, the Board of Fire Commissioners of the city of New York passed a resolution whereby they assumed to remove John McCabe from the office of Second Assistant Chief of Department. Their action in this respect was subsequently annulled by the determination of this court, but not until March, 1887. In the meantime, the board of fire commissioners proceeded on the assumption that the removal of McCabe was lawful, and had created a vacancy. Accordingly, as appears from their return to the writ of *certiorari* herein, they promoted Francis J. Reilly from the office of Chief of Battalion to that of Second Assistant Chief of Department, to fill the supposed vacancy caused by the attempted removal of McCabe ; and thereafter promoted Peter H. Short, the relator, to be Chief of Battalion, to fill the vacancy which they believed had been made by the promotion of Reilly.

It turned out that there was no vacancy at all in either grade. This was established by the decision that the findings and sentence against McCabe should be annulled. (*People ex rel. McCabe* v. *Fire Comrs.*, 43 Hun, 554.) The attempt to remove him having been adjudged ineffectual in law, it followed that his place was not vacant. The endeavor to promote Reilly was, therefore, futile ; and if Reilly could not be promoted, Short could not be made a Chief of Battalion in his stead. The proposition in the brief for the relator, that the board appointed Short to be Chief of Battalion

in the exercise of their power to increase the number of such chiefs, and without reference to his filling any vacancy whatsoever, is not sustained by the record, and is distinctly contrary to the express averments of the return. It is plain that both promotions were ordered to fill vacancies, the existence of which depended upon the removal of McCabe; and we think the judgment which pronounced that removal a nullity had the effect of nullifying both promotions.

In this view, the order of which the relator now complains transferring him back to his duty as a Foreman, is in no true sense a removal within the meaning of section 440 of the New York city consolidation act. (Laws of 1882, chap. 410) It is merely a proper direction that he resume the duties of an office out of which the board of fire commissioners mistakenly and unsuccessfully endeavored to promote him. It really affords him no just cause of complaint; and the proceedings of the board should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Proceedings affirmed, with costs.